James Joseph Knochel
1100 W Valley View Rd
Prescott, AZ 86303
(928) 925-0279
knochj@gmail.com

✗ FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 0 9 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emily Noelle Mihaylo<br>    Plaintiff<br><br>v.<br><br>James Joseph Knochel,<br>    Defendant, | Case Number:  CV-19-08137-PCT-SMB<br><br><br><br>Notice of Removal |

### Notice of Removal from State Court

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant JAMES KNOCHEL hereby removes to this Court the state court action described below.

1.   On April 4, 2019 an action was commenced in the Justice Court for the City of Prescott entitled Emily Mihaylo (Plaintiff) vs. James Knochel (Defendant), as case number J1303-PO2019000067 attached hereto as Exhibit "A" and incorporated herein by reference. The action is an ex-parte *petition for injunction against harassment*, and resulted in an order of protection.

2.  The first date upon which defendant received a copy of the said complaint was April 11, 2019, when defendant was served with a copy of said complaint and court order. This Notice is timely.

3.  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1343(a)(1) and 28 U.S.C. § 1343(a)(3), as the action is a result of a conspiracy against rights, 42 U.S. Code § 1985, which is engaged by known and unknown parties to deprive Plaintiff and Defendant of rights secured by the Constitution under color of state law. A summary of the conspiracy against Defendant and Plaintiff's civil rights is provided below.

4.  This civil action is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1443(1), in that Defendant and Plaintiff are denied and cannot enforce their rights in the Arizona courts. The specific rights denied arise from the freedom of association guaranteed by the 1st Amendment, and the equal protection of the law and privilege of habeas corpus, guaranteed by the 14th Amendment.

5.  Defendant and Plaintiff's relationship falls into the category of intimate association. We are arbitrarily denied our freedom of association by various conspirators in Yavapai County, which include various employees of Yavapai County's Adult Probation department, various judicial officers of the Yavapai Superior Court, and unknown employees of View Point Dual Recovery ("View Point"), the treatment business at which Plaintiff is involuntarily housed.

6.  Plaintiff was found to be "gravely disabled" by the Yavapai County Court in October 2016, October 2017 and October 2018. The finding is used to order Plaintiff to submit to involuntary medical treatments and to order her to live at View Point, a residential mental health treatment facility, for the entire duration of the year.

7. Defendant understands that Amy Fackrell ("Fackrell"), the Executive Director of View Point, has arbitrarily decided that Plaintiff is to have no contact whatsoever with Defendant, on the basis that Defendant is someone that she used to know. Defendant believes Fackrell considers Plaintiff a valuable source of revenue for the business, and has no intention of ever allowing Plaintiff to escape from their anti-treatment program.

8. Defendant found videos on his phone of him and Plaintiff frying donuts two weeks before her first 2015 hospitalization. These videos provide overwhelming evidence that Plaintiff's commitment was erroneous, and that her alleged grave disability is actually caused by the anti-treatments forced upon her.

9. Defendant has attempted to exercise his right to petition for habeas corpus on Plaintiff's behalf. The Yavapai Superior Court found that the Arizona Revised Statutes do not allow persons subjected to involuntary mental treatment to access the usual procedures for habeas corpus, and that the only option to initiate judicial review is to file a request in writing with the treatment provider. The mis-quotations and mis-interpretations of the Arizona Revised Statutes were allowed to stand by the Arizona Court of Appeals and Arizona Supreme Court. This was fully detailed in a subsequent federal habeas petition, docketed as 18-CV-8004-PCT-GMS-(JZB).

10. Through the state courts denying Plaintiff the privilege of habeas corpus on account of her being found to have a "mental disorder", Plaintiff and Defendant have been denied "the equal protection of the laws" guaranteed by the 14th Amendment to the U.S. Constitution.

11. Defendant and Plaintiff were further denied the privilege of habeas corpus in this district court as a result of a conspiracy against their rights, perpetrated by unknown employees of View Point, who wrote and forced Plaintiff to sign a fraudulent letter. This

was docketed as a motion to dismiss 18-CV-8004. Defendant obtained evidence of this conspiracy in December 2018, attached hereto as Exhibit B.

12.     On about December 3, 2018, Plaintiff absconded from her involuntary treatment facility and began to arrange her own transfer to Alternative to Med Center in Sedona, Arizona. On December 8, 2019 Plaintiff was "stranded" in Sedona, Arizona and called Defendant for help (as substantiated in Exhibit B). Defendant drove to Sedona and transported Plaintiff and her two friends to Prescott Valley, Arizona, where he put the three of them up for the night in a motel. Defendant filed his own declaration regarding the circumstances of Exhibit B as Document 15 in 18-CV-8004.

13.     On December 9 2018, Plaintiff's traveling companions returned to Phoenix. Plaintiff and Defendant stayed together at a friend's vacant rental property. Plaintiff personally relayed to Defendant that her captors (including her probation officer) had attempted to get her to file for an order of Protection against Defendant in October or November 2018, but that she refused to go along with this coercion.

14.     On December 11 2018, Plaintiff's probation officer refused to allow Plaintiff to transfer her custody to a more effective treatment program, and retaliated against Plaintiff's for enlisting Defendant's help in her attempt to escape from her harmful anti-treatment program. Before returning to her captors, Plaintiff told Defendant that she was "dedicated to him", and asked that he wait until her probation expires in October 2019.

15.     For exercising their right to freedom of association, the conspirators against Plaintiff and Defendant subsequently arranged for Plaintiff to be formally ordered to have no contact with Defendant by the Yavapai County Superior Court in late December 2018.

16.     On April 2, 2019, Defendant attended Plaintiff's publicly-announced mental health court hearing for the purposes of taking further notes on the predicaments of people harmed by Arizona's involuntary treatment industry, and also to relay what he'd learned from the District Court's free attorney program. Defendant's presence was noted, and the judge had Defendant removed from his court room. In the hallway, outside of the possibility of Plaintiff having overheard, Defendant asked the bailiff, "can you tell me what's happening?" The response was simply, "all I was told is, I can't have you in here." This was the entirety of the communication between Defendant and the officer of the court.

17.     Defendant thought his message was important, and waited for Plaintiff to emerge from the court room. After delivering his message, Defendant voluntarily left the court's premises.

18.     As the petition for injunction for harassment is dated April 4th 2019, the most likely explanation for the Petition is that Plaintiff only filed it under duress, and under threat of being jailed if she refused to go along with her captors' wishes. Defendant considers this action a certain abuse of process instigated by the conspirators in furtherance of their conspiracy to subvert Defendant's efforts to assist Plaintiff to assert her rights to habeas corpus and free association.

19.     The list of reasons provided by Plaintiff justifying her *Petition for injunction against harassment* are entirely specious. Mostly they consist of Plaintiff relating events which she did not personally witness. The hear-say events related are also falsely reported. None of the events conveyed in this petition constitute "harassment" against Plaintiff personally. Defendant thinks the most likely explanation for the specifics of the *petition for injunction against harassment* is that Plaintiff was coerced to file the petition, and was told specifically what to include by employees of View Point.


## Conclusion

20. The Supreme Court of the United States commented on the predicament of those erroneously committed to involuntary mental health treatment:

> It may be true that an erroneous commitment is sometimes as undesirable as an erroneous conviction. However, even though an erroneous confinement should be avoided in the first instance, the layers of professional review and observation of the patient's condition, **and the concern of family and friends generally will provide continuous opportunities for an erroneous commitment to be corrected.**
>
> - Addington v. Texas, 441 US 418 - Supreme Court 1979 (emphasis added, citation omitted)

21. Defendant's actions, as relayed in Plaintiff's petition for injunction against harassment, are entirely consistent with the hypothetical "concerned friend" envisioned in *Addington*.

22. As the conspirators against Defendant and Plaintiff include Plaintiff's Yavapai County Adult Probation officer and multiple officers of the county's court, Defendant and Plaintiff are denied and cannot enforce their rights in the Arizona State Courts.

23. Defendant further believes that the existence of this "Order of Protection" is a significant danger to his personal safety. Employees of View Point Dual Recovery have already demonstrated callous disregard for the rule of law, and will certainly further abuse legal process to protect their business. For example, the *petition for injunction against harassment* requested that Defendant be barred from the Yavapai College campus, but the order of protection did not include this as a "protected location". Defendant has good reasons to be on the college campus, as he regularly uses the library and attends events at this location. View Point Staff might notice Defendant at the

campus, and thinking that he is barred from that location, have him arrested under false pretenses.

24.     Defendant requests this court to fairly consider whether the issuance of the Order of Protection by the Prescott Justice Court was justified, hold its own evidentiary hearing to determine the actual circumstances behind Plaintiff's filing of the petition for injunction against harassment, and on full consideration of the evidence, to intervene in the conspiracy against Plaintiff's and Defendant's civil rights.

25.     The undersigned defendant is the only named defendant in the state court action referenced above in paragraph 1 of this notice.

26.     A copy of this Notice will be filed with the clerk of the Prescott Justice Court on the afternoon or next business day after the Notice has been delivered to the District Court.

27.     A copy of this Notice will be served on the Plaintiff by delivering a second copy to the Prescott Justice Court, who will send the document to the Plaintiff at the address she provided to that court as her mailing address.

28.     WHEREFORE, defendant James Knochel prays that this action be removed to the United States District Court for the District of Arizona.

Exhibit A: Service of Prescott Justice Court, J1303-PO2019000067, received by Defendant on April 11, 2019

Exhibit B: Plaintiff's hand-written/notarized letter to "The United States District Court of Arizona", dated 12/10/2018 (December)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct:

Date: May 9, 2019

Signature of Pro Se Defendant
James Joseph Knochel
1100 W Valley View Rd
Prescott, AZ 86303
(928) 925-0279

**PRESCOTT JUSTICE COURT**
120 SOUTH CORTEZ STREET, PRESCOTT, AZ 86303  PH - 928-771-3300

# ORDER OF PROTECTION

[ ] Amended Order

Case No. J1303PO2019000067
Court ORI No: AZ013063J
County: YAVAPAI  State: AZ
Former Case No:

| PLAINTIFF | PLAINTIFF IDENTIFIERS |
|---|---|
| EMILY  MIHAYLO  <br> First  Middle  Last  Suffix | (redacted) <br> Date of Birth of Plaintiff |

And/or on behalf of minor family member(s) and other Protected Person(s): (List name and DOB.)

V.

| DEFENDANT | DEFENDANT IDENTIFIERS |
|---|---|
| JAMES   KNOCHEL <br> First  Middle  Last  Suffix | SEX: MALE  RACE: WHITE  DOB: (redacted)  HT: 6' 2"  WT: 165 <br> EYES: GREEN  HAIR: BROWN  *Arizona Prohibits Release of Social Security Numbers* <br> DRIVER LICENSE #   STATE   EXP DATE |

Defendant/Plaintiff Relationship: ROMANTIC OR SEXUAL RELATIONSHIP (CURRENT OR PREVIOUS)

Defendant's Address: 1100 W VALLEY VIEW DR  PRESCOTT ARIZONA 86303

CAUTION: [ ] Weapon Alleged in Petition

[ ] Estimated Date of Birth

**WARNINGS TO DEFENDANT:** This Order shall be enforced, even without registration, by the courts of any state, the District of Columbia, any U.S. Territory, and may be enforced by Tribal Lands (18 U.S.C. § 2265). Crossing state, territorial, or tribal boundaries to violate this Order may result in federal imprisonment (18 U.S.C. § 2262). As a result of this order, it may be unlawful for you to possess or purchase a firearm or ammunition pursuant to federal law under 18 U.S.C. § 922(g)(8) and/or state, tribal, territorial, or local law. If you have any questions whether these laws make it illegal for you to possess or purchase a firearm, you should consult an attorney.
Only the Court, in writing, can change this Order.

This Order is effective for one year from date of service. VERIFY VALIDITY (call Holder of Record):

YAVAPAI County Sheriff's Phone –928-771-3260

**THE COURT HEREBY FINDS:**
That it has jurisdiction over the parties and subject matter.
[ ] Defendant received actual notice of this Hearing and had an opportunity to participate.
Additional findings of this Order and warnings are set forth on the next page(s).
THE COURT, finding reasonable cause to believe that Defendant may commit an act of domestic violence or has committed an act of domestic violence within the past year (or good cause exists to consider a longer period),
**HEREBY ORDERS:**
**NO CRIMES.** Defendant shall not commit any crimes, including but not limited to harassment, stalking, or conduct involving the use, attempted use, or threatened use of physical force that would reasonably be expected to cause bodily injury, against Plaintiff or Protected Persons.
[X] **NO CONTACT.** Defendant shall have no contact with **Plaintiff** except through attorneys, legal process, court hearings, and as checked:
[ ] Phone [ ] Email/Fax [ ] Mail [ ] Other:
[ ] **NO CONTACT.** Defendant shall have no contact with **Protected Persons** except through attorneys, legal process, court hearings and as checked: [ ] Phone [ ] Email/Fax [ ] Mail [ ] Other:

Effective: June 3, 2013                                          Adopted by Administrative Directive No. 2013-03

**THE COURT FURTHER ORDERS:**

[ ] **RESIDENCE.** Plaintiff is granted exclusive use and possession of the residence listed below.

[ ] **LAW ENFORCEMENT STANDBY.** Defendant may return once with a law enforcement officer to obtain necessary personal belongings. Neither law enforcement nor this protective order can resolve conflicts over property, title, furniture, finances, real estate, or other ownership issues.

**PROTECTED LOCATIONS.** Defendant shall not go to or near the Plaintiff's or other Protected Person's:

    [X]    Residence (leave blank if confidential):

    [ ]    Workplace (leave blank if confidential):

    [ ]    School / Other:

[ ] **FIREARMS.** Pursuant to A.R.S. § 13-3602(G)(4), the Court finds that Defendant poses a credible threat to the physical safety of the Plaintiff or Protected Persons. Therefore, Defendant shall not possess, receive, or purchase firearms and shall surrender same within 24 hours of service to:

---

**OTHER ORDERS:**

04/04/2019  
Date                      Judicial Officer            SAVONA, GLENN  
                                                                   Printed Judge Name

**WARNING**

This is an official Court Order. If you disobey this Order, you will be subject to arrest and prosecution for the crime of interfering with judicial proceedings and any other crime you may have committed in disobeying this Order.

**ADDITIONAL WARNINGS TO DEFENDANT:** Violations of this Order should be reported to a law enforcement agency, not the Court. Both parties must notify this Court if an action for dissolution (divorce), separation, annulment or paternity/maternity is filed. This is NOT a parenting time (visitation) or custody order. You must file those requests separately in Superior Court. If you disagree with this Order, you have the right to request a hearing, which will be held within 5 to 10 business days after your written request has been filed in the Court that issued this Order. Nothing the Plaintiff does can stop, change, or undo this Order without the Court's written approval. You must appear in Court to ask a judge to modify (change) or quash (dismiss) this Order. **Even if the Plaintiff initiates contact, you could be arrested and prosecuted for violating this protective order. If you do not want the Plaintiff to contact you, you have the right to request a protective order against the Plaintiff.** However, orders are not automatically granted upon request. Legal requirements must be met.

PCO 1,2,4,5

**PRESCOTT JUSTICE COURT**
**120 SOUTH CORTEZ STREET, PRESCOTT, AZ 86303 PH - 928-771-3300**

COPY TO SERVE

Case No. J1303PO2019000067   Defendant: KNOCHEL, JAMES   Date: 04/04/2019

| **Defendant's Guide Sheet for Protective Orders-Please Read Carefully** |
|---|

The following information is provided to further explain the protective order that has been served upon you and your responsibilities as the Defendant.

1. **You have been served with one of the following protective orders:**

[ X ] **ORDER OF PROTECTION:** An Order of Protection is used for a "family" relationship between you and the Plaintiff. This can include one of the following: 1) married now or in the past, 2) live together now or lived together in the past, 3) parent of a child in common, 4) one of you is pregnant by the other, 5) you are a relative (parent, in-law, brother, sister, or grandparent), or 6) current or previous romantic or sexual relationship. The Plaintiff has alleged that you have committed or may commit an act of domestic violence.

[ ] **INJUNCTION AGAINST HARASSMENT:** The Plaintiff has alleged that you have committed a series of acts (more than one) of harassment against the Plaintiff within the last year.

[ ] **INJUNCTION AGAINST WORKPLACE HARASSMENT:** This Injunction, alleging a single act or series of acts of harassment, has been filed against you by an employer or owner of a business or operation for the benefit of an employee or the business.

2. **OTHER PROTECTED PERSONS:** It is possible that you will be referred to Superior Court if your children are listed as protected persons in this order. Only a Superior Court Judge can decide child custody or parenting time in a separate action.

3. **SERVICE AND EFFECT:** This protective order is valid for one year from the date it was served on you and is enforceable by law enforcement in any state or tribal nation in the United States.

4. **PROTECTIVE ORDER HEARING:** If you disagree with this protective order, you have the right to request a hearing, which will be held within 5 to 10 business days after your written request has been filed in the court that issued this order. If a hearing is held and the Order remains in effect or is modified, and you and the Plaintiff 1) are married now or in the past, 2) live together now or lived together in the past, or 3) are parents of a child in common, you may be prohibited from possessing a firearm. This firearms prohibition may apply even if you fail to appear for the hearing. If you have questions as to whether your request for a hearing can result in this firearms prohibition, you should contact an attorney. The Court cannot give you legal advice.

5. **MODIFYING OR QUASHING (DISMISSING) THIS PROTECTIVE ORDER:** Only a judge can modify or quash (dismiss) this protective order. If you file an action for maternity, paternity, annulment, legal separation, or dissolution against the Plaintiff, you need to advise this court at once. **Nothing the Plaintiff does can stop, change, or undo this protective order without the Court's written approval.**

6. **PLAINTIFF CONTACT:** Even if the Plaintiff initiates contact, you could be arrested for violating this protective order. You have the right to request a protective order against the Plaintiff if you do not want the Plaintiff to contact you. However, orders are not automatically granted upon request. Legal requirements must be met.

7. **LAW ENFORCEMENT STANDBY:** If standby has been ordered by the judge on this protective order, you may return to the residence once with a law enforcement officer to obtain necessary personal belongings. Neither law enforcement nor this protective order can resolve conflicts over property, title, furniture, finances, real estate, or other ownership issues.

8. **FIREARMS:** If the judge has ordered under state law that you shall not possess, receive, or purchase firearms or ammunition, you must surrender them within 24 hours after service to the law enforcement agency named on this protective order and should request them to issue proof of that surrendering. You may also be required to provide documentation to the court that firearms were transferred to the appropriate law enforcement agency

FILED
APR 0 4 2019
Prescott Justice/City Court

**PRESCOTT JUSTICE COURT 1303 AZ 013063J** 120 S Cortez St, Room 103 Prescott AZ 86303-4747   (928) 771-3300

| Plaintiff: Emily Mihaylo | Defendant: James Knochel | Case No. J1303PO201900006 |
|---|---|---|
| Plaintiff Employer (Work Injunction ONLY) | Address: 1100 W. Valley View Rd | This is **not** a court order. |
| Birth Date: [redacted] | City, State, Zip Code, Phone: Prescott AZ 86303 | **PETITION for** |
| Agent's Name (Work Injunction ONLY) | (928) 925-0279 | [ ] Order of Protection<br>[✓] Injunction Against Harassment<br>[ ] Workplace Injunction |

**DIRECTIONS: Please read the Plaintiff's Guide Sheet before filling out this form.**

1. Defendant/Plaintiff Relationship: [ ] Married now or in the past [✓] Live together now or lived together in the past [ ] Child in common [ ] One of us pregnant by the other [ ] Related (parent, in-law, brother, sister or grandparent) [✓] Romantic or sexual relationship (current or previous) [ ] Dating but not a romantic or sexual relationship [ ] Other: _____

2. [ ] If checked, there is a pending action involving maternity, paternity, annulment, legal separation, dissolution, custody, parenting time or support in _____ Superior Court, (COUNTY) Case #: _____.

3. Have you or the Defendant been charged or arrested for domestic violence OR requested a protective order? [ ] Yes [✓] No [ ] Not sure
If yes or not sure, explain: _____

4. I need a court order because: (PRINT both the dates and a brief description of what happened.)

Dates | Tell the judge what happened and why you need this order. A copy of this petition is provided to the defendant when the order is served. (Do not write on back or in the margin. Attach additional paper if necessary.)

| Dates | |
|---|---|
| | See attached |
| | |
| | |
| | |
| | |

Effective: June 3, 2013   Page 1 of 2   Adopted by Administrative Directive No. 2013-03

Case No. _____

5. The following persons should also be on this Order. As stated in number 4, the Defendant is a danger to them:

_____ (__/__/____)    _____ (__/__/____)
Birth Date                                Birth Date
_____ (__/__/____)    _____ (__/__/____)
Birth Date                                Birth Date

6. Defendant should be ordered to stay away from these locations, at all times, even when I am not present:
[✓] Home _____
[ ] Work _____
[✓] School/Others  Yavapai College _____

7. [ ] If checked, because of the risk of harm, order the defendant NOT to possess firearms or ammunition.

8. [ ] If checked, order the Defendant to participate in domestic violence counseling or other counseling. This can be ordered only after a hearing of which Defendant had notice and an opportunity to participate.

9. Other: _____

Under penalty of perjury, I swear or affirm the above statements are true to the best of my knowledge, and I request an Order / Injunction granting relief as allowed by law.

_____            Attest: _____    4/4/19
Plaintiff                            Judicial Officer /Clerk/ Notary   Date

| Dates | |
|---|---|
| March 5, 19 | Showed up at Mental Health hearing after being asked by the Probation department in months prior not to come back to mental health court. <br><br> (There is currently a no contact order from Mental Health court placed on me, Emily Mihaylo, toward James Knochel.) |
| April 2, 19 | James Knochel shows up at mental Health Court for the 3rd time; is escorted out of the court room, doesn't leave. Then harassed myself, my house manager from View Point, and one officer of the courts by taking pictures on his phone. |

- I am currently a client at View Point treatment center. He has been writing letters to the Supreme Court, & Federal Court to get me out of the treatment Center I am paying to be at. He has Called a filing called <u>Next Friend</u> saying I am not capable of making my own decisions, I have asked him to stop writing letters to the courts pertaining to me.

- He has showed up at View Point after he has been asked to not comeback.

- He has written letter to the Adult Probation Department also trying to get me off of Probation, I asked him to stop doing this.

James Joseph Knochel
1100 W Valley View Rd
Prescott, AZ 86303
(928) 925-0279
knochj@gmail.com

## Verification of State-Court Record

On April 11 2019, Defendant was served the 7 pages attached above as "Exhibit A".

On May 8 2019, Defendant visited the Prescott Justice Court and asked for a printout of their docket. The deputy clerk looked at the file and stated that the seven pages which Defendant had been served was the entirety of their record.

James Knochel here verifies that these are "true and complete copies" of all the pleadings and other documents filed in the state court proceeding which are available to him. Other documents may be available – such as a document containing Plaintiff's mailing address, or an ex-parte supplement to the petition – but these seven pages are all that are available to Defendant.

Date: May 9, 2019

_____
Signature of Pro Se Defendant
James Joseph Knochel

12/10/2018

# Exhibit B

To the United States District Court of Arizona

To whom it may concern,

The letter that I signed was not written by me. I was pressured into signing it by ViewPoint staff. James gave me a ride on Saturday when I was stranded in Sedona Arizona. I would prefer not to go back to View Point, and have myself arranged to transfer to Alternative to Med. Center in Sedona.

Sincerely

Emily Mihaylo
Emily Mihaylo



**WELLS FARGO**

# Acknowledgment by Individual

State of __Arizona__   County of __Yavapai__

On this __11th__ day of __December__, 20__18__, before me, __Amanda Zeldin__
<br>(Name of Notary Public)

the undersigned Notary Public, personally appeared

__Emily Mihaylo__

Name of Signer(s)

○ Proved to me on the oath of _____

○ Personally known to me

☒ Proved to me on the basis of satisfactory evidence __AZ State ID D02167938 No Exp__
<br>(Description of ID)

to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged that he/she/they executed it.

WITNESS my hand and official seal.

Amanda Zeldin
Notary Public
Yavapai County, Arizona
My Comm. Expires 03-19-2022

Notary Seal

_Amanda Zeldin_
<br>(Signature of Notary Public)

My commission expires __03-19-2022__

Optional: *A thumbprint is only needed if state statutes require a thumbprint.*

| Right Thumbprint of Signer |
|---|
| Top of thumb here |

**For Bank Purposes Only**
**Description of Attached Document**

Type or Title of Document
__Grievance Letter__

Document Date                  Number of Pages
__12/10/18__                   __1 page__

Signer(s) Other Than Named Above
__NA__



FO01-00000DSG5350-01