James Joseph Knochel
1100 W Valley View Rd
Prescott, AZ 86303
(928) 925-0279
knochj@gmail.com

```
         FILED      ___ LODGED
    ___ RECEIVED    ___ COPY

         MAY 2 0 2019

    CLERK U S DISTRICT COURT
        DISTRICT OF ARIZONA
    BY_____DEPUTY
```

## IN UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emily Noelle Mihaylo<br>　　　　　Plaintiff<br><br>v.<br><br>James Joseph Knochel,<br>　　　　　Defendant, | Case Number:<br>　　19-CV-08137-GMS--JZB<br><br>**Supplement to Notice of Removal** |

**Supplement to Notice of Removal**

The defendant, James Knochel, hereby files this supplement to the notice of removal originally filed with this court on May 9, 2019. The original Notice of Removal is incorporated by reference.

1.　After filing the notice of removal, Defendant realized that Plaintiff requested an "injunction against harassment", but the Prescott Justice Court issued an "order of protection". These orders, while superficially similar to non-attorneys, actually implement two different sections of state law. A.R.S. 12-1810 controls injunctions against harassment, while A.R.S. 13-3602 controls Order of protection.

2.    Orders of protection are used for cases of domestic violence. A.R.S. 13-3602 (C)(3) requires a "Specific statement, including dates, of the domestic violence alleged." The petition considered by the Prescott Justice Court actually has no allegations of domestic violence, and gives no reason for the Plaintiff to fear domestic violence on account of Defendant's actions.

3.    When considering the petition for an order of protection, A.R.S. 13-3602 (E) directs:

> The court shall review the petition, any other pleadings on file and any evidence offered by the plaintiff, including any evidence of harassment by electronic contact or communication, to determine whether the orders requested should issue without further hearing. The court shall issue an order of protection under subsection G of this section if the court determines that there is reasonable cause to believe any of the following:
>
> 1. The defendant may commit an act of domestic violence.
> 2. The defendant has committed an act of domestic violence within the past year or within a longer period of time if the court finds that good cause exists to consider a longer period.

4.    The *order of protection* notes "The Court, finding reasonable cause to believe that Defendant may commit an act of domestic violence or has committed an act of domestic violence within the past year (or good cause exists to consider a longer period), HEREBY ORDERS: NO CONTACT. [...]".

5.    As filed, the petition also does not even meet the criteria for an injunction against harassment. "Harassment" is defined:

> S. For the purposes of this section, "harassment" means a series of acts over any period of time that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person **and serves no legitimate purpose.**

A.R.S. 12-1809 (S) (emphasis added)

6.  The only "alarm" or "annoyance" incurred on the Plaintiff due to Defendant's actions is actually due to her captors' actions, who threaten retaliation on Plaintiff if she tries to exercise her rights. Defendant's actions serve the legitimate purpose of trying to help the Plaintiff exercise her rights.

7.  On May 15 2019, Defendant received a *Nature of Proceedings* (Exhibit A) from the Prescott Justice Court, which "denies the request" to remove the action to the district court. The document further notes "the matter at bar involves a civil request by a private person for an Order of Protection", which again misrepresents the actual request by the Plaintiff for an injunction against harassment.

8.  Defendant will continue to assume that the notice of removal is valid, and that the justice court's no contact order is in effect, unless and until formally rescinded.

## Conclusion

9.  The issuance of a domestic-violence associated "order of protection" when the Plaintiff only asked for an "injunction against harassment", and when neither order is justified by the Plaintiff's statements on the petition, is a serious violation of defendant's right to due process of law.

10. As the district court is still considering the Motion to proceed without prepayment of costs, and as the Defendant has not been granted authorization to proceed, Defendant has not yet served a copy of this supplement to the notice of removal on the state court or the plaintiff.

11.     WHEREFORE, defendant James Knochel prays that this further information be considered in support of the notice of removal to the United States District Court for the District of Arizona.

Exhibit A: Prescott Justice Court, *Nature of Proceedings*, dated 5/10/2019

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct:

Date: May 17, 2019

Signature of Pro Se Defendant
James Joseph Knochel
1100 W Valley View Rd
Prescott, AZ 86303
(928) 925-0279

Exhibit A

# IN THE JUSTICE COURT, PRESCOTT PRECINCT
# COUNTY OF YAVAPAI, STATE OF ARIZONA

| | | |
|---|---|---|
| EMILY MIHAYLO | ) | CASE NUMBER: |
| Plaintiff. | ) | |
| vs. | ) | J1303PO2019000067 |
| | ) | |
| JAMES KNOCHEL | ) | |
| Defendant. | ) | |

## NATURE OF PROCEEDINGS

Date: 5/10/2019          Clerk: Desiree H.          Hon: Glenn A. Savona

**PROCEEDING:**

Defendant having filed Notice of Filing and Notice of Removal,

COMES NOW THE COURT and DENIES this request.

The matter at bar involves a civil request by a private person for an Order of Protection issued through the Prescott Justice Court. The hearing on that order involves the question of whether the Plaintiff is entitled to relief under state law. As such, states it does not impede a federal question. The matter is not being brought by the state or involve issues of diversity of citizenship.

This Court will retain jurisdiction of the question of whether or not under state law the Plaintiff is entitled to the relief requested.